﻿Citation Nr: AXXXXXXXX
Decision Date: 03/12/19 Archive Date: 03/12/19

DOCKET NO. 181006-1096
DATE: March 12, 2019

REMANDED

The claim of entitlement to service connection for residuals of a traumatic brain injury (TBI) is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty in the United States Marine Corps from May 1957 to May 1961 and in the United States Army from May 1964 to June 1985. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service connection for residuals of a TBI is remanded. 

The Board finds that a remand is required to correct a duty to assist error that occurred prior to the Veteran’s election to enter the RAMP program. The Veteran has not been afforded a VA examination in this case. Following a review of the evidence associated with the claims file prior to the Veteran electing to participate in the RAMP program, the Board finds that a VA examination with opinion is warranted. 

In this regard, the Veteran reported injuring his head during service in Vietnam. He described an April 1968 incident where he was under mortar attack and was blown 10 to 15 feet in the air. He stated that he was medevacked out of Vietnam and transported to a hospital where they treated his hearing loss and administered cognitive tests. 

Service treatment records and service personnel records do not show any treatment for a head injury. He complained of severe bilateral hearing loss in March 1968 and was evaluated by an otolaryngologist at that time. The following month it was determined that his hearing was still poor and he was ordered to be evacuated from Vietnam. Service treatment records from April 1968 to May 1968 show that the Veteran was transferred to multiple hospitals due to his bilateral hearing loss. In May 1968, it was noted that the Veteran experienced bilateral hearing loss for more than two years. There is no mention of the Veteran’s claimed head injury in the service treatment records. 

An August 1985 VA examination report noted severe bilateral hearing loss and that a wound injury occurred in April 1968 in Vietnam. 

In August 1998, the Veteran stated that he sustained a head injury and hearing loss when he was blown from a bunker in Vietnam. In February 2002, he stated that the incident resulted in a concussion and loss of hearing, as well as contributed to his now service-connected disorders. 

The Veteran provided several medical records and opinions in support of his claim that he sustained a TBI during service. The evidence includes August 2013, March 2015, and August 2016 private medical opinions written by his treating neurologist, J.T., M.D., opining that the Veteran had a diagnosis of TBI related to significant head injuries while serving in Vietnam. Dr. T. noted the Veteran’s reports of being knocked unconscious in April 1968 and the service treatment records showing severe bilateral hearing loss at that time. It was explained that his April 1968 diagnosis of bilateral hearing loss goes hand in hand with head injuries and was frequently the diagnosis listed during the Vietnam War for head injuries. Dr. T. also stated that a TBI is the kind of battlefield injury that would warrant hospitalization for so long. 

The record also contains VA psychiatric examinations dated in April 2013 and March 2015, showing that the Veteran did not have a diagnosis of a TBI. 

Accordingly, the Board finds that the low threshold necessary to provide an examination has been established in this case. See McLendon v. Nicholson, 20 Vet. App. 79 (2006)

The matter is REMANDED for the following action:

1. Afford the Veteran a VA examination by a clinician with sufficient expertise, to determine the nature and etiology of his TBI. All pertinent evidence of record must be made available to and reviewed by the examiner. All necessary tests and studies should be performed. Following the examination and a review of the relevant records and lay statements, the examiner must opine as to whether it is at least as likely as not (a 50 percent probability or greater) that the TBI was incurred in, was caused by, or is otherwise related to the Veteran’s military service.

In doing so, the examiner must consider and discuss the private medical opinion provided by J.T., M.D. in August 2013, March 2015, and August 2016.

The rationale for all opinions expressed must be provided. If the examiner is unable to provide any required opinion, he or she should explain why. If an opinion cannot be provided without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, examiner should identify the additional information that is needed.

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. N. Nolley, Associate Counsel